# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2010

No. 09-50265
Summary Calendar

Lyle W. Cayce
Clerk

NATHASHA R. SCOTT,

Plaintiff-Appellant

v.

JP MORGAN CHASE BANK,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:08-CV-345

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nathasha R. Scott filed a complaint under Title I of the Americans with Disabilities Act (ADA), alleging that her termination of employment with J.P. Morgan Chase Bank was a violation of the ADA and retaliation for a prior complaint of discrimination she filed with the Equal Employment Opportunity Commission (EEOC). The district court granted Chase's motion for summary judgment and dismissed Scott's claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scott, who suffers from diabetes, alleged that Chase failed to accommodate her request for a part-time schedule; terminated her employment without inquiry into her protected disability; and retaliated against her for filing a complaint with the EEOC in 2006.

To establish a prima facie case of discrimination under the ADA, a plaintiff must establish the following: (1) she suffers from a disability; (2) she is qualified for the job despite the disability; (3) she was subjected to an adverse employment action due to the disability; and (4) she was treated less favorably than non-disabled employees. *McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000). Under the ADA, a covered employer must provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship." 42 U.S.C. § 12112(b)(5)(A). It is the employee's responsibility to request reasonable accommodations. *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007). This court reviews the district court's grant of a summary judgment motion *de novo*. *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003).

The record reflects that Chase provided accommodations to Scott's disability by providing her with additional breaks and a reduced work schedule through most of 2006. However, despite these accommodations, Scott missed a substantial amount of work, including almost three months of unapproved absences prior to her termination in March 2007. Scott's challenge to the district court's grant of Chase's summary judgment motion fails because the evidence in the instant case, viewed in the light most favorable to Scott, supports the conclusion that Scott was unable to perform her job as she was repeatedly absent from work and failed to support her request for a reasonable accommodation under the ADA. *See, e.g., Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 759 (5th Cir. 1996); *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 164-66 (5th Cir. 1996).

On appeal, Scott does not raise a claim that her termination was retaliation for a prior complaint of discrimination she filed against Chase with the EEOC in 2006. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even they must contain the arguments we are to consider *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Scott has abandoned her retaliation claim by failing to raise it before this court. Accordingly, the judgment of the district court is AFFIRMED.